## EMILIE I. BARAGWANATH

### v.

## L. R. LASHER.

*Opinion filed June 16, 1903.*

1. JUDGMENTS AND DECREES—*proceedings in confession of judgment are at law.* A proceeding to confess judgment is not converted into a chancery proceeding by a motion to open the judgment and allow the defendants to plead, although the court, in deciding the motion, is governed by equitable principles.

2. APPEALS AND ERRORS—*appeal from decision of motion to vacate judgment by confession is at law.* An appeal from a judgment entered after allowing a motion to open a judgment by confession to permit the defendants to plead is at law, and the judgment of the Appellate Court is final upon all controverted questions of fact.

3. SAME—*Supreme Court cannot say whether the Appellate Court's findings are sustained.* Where the Appellate Court reverses on the facts without remanding and recites the facts found by it in its judgment, the Supreme Court cannot say whether such facts are supported by the evidence, but only whether they justify the judgment entered thereon.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

E. A. BIGGS, and WILLIAM R. PAYNE, for appellant.

CHARLES J. KAVANAGH, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

On the 30th day of June, 1900, judgment by confession in the sum of $6775.44 was entered in the superior court of Cook county in favor of the appellee and against the appellant and Henry D. Baragwanath, her husband. The declaration was in assumpsit to recover on a promissory note alleged to have been executed by appellant and her husband, in which note there is incorporated a warrant of attorney authorizing the confession of judgment thereon.

Subsequently, upon motion and on the agreement of the
parties, the judgment was opened and the appellant and
her husband, the defendants, permitted to plead to the
declaration, but it was ordered the judgment should stand
for the security of the appellee.   A plea of the general
issue, with notice of special matter of defense, was filed.
The parties waived trial of the issues by jury and the
cause was submitted to the court for decision without
the intervention of a jury.   The court found the appel-
lant and her husband to be indebted to appellee on said
note in the sum of $2200.87 on June 30, 1900, the date
of the entry of the judgment by confession, and entered
judgment that the entry of judgment of June 30, 1900,
should stand, but should be satisfied on the payment of
said sum of $2200.87, together with interest from June 30,
1900, and costs of suit.   The appellee appealed to the
Appellate Court, and in that court judgment was entered
reversing the last judgment entered by the superior court,
and adjudging that the judgment entered by confession
on the 30th day of June, 1900, should remain in full force
and effect.   The Appellate Court incorporated in its judg-
ment the following recital of facts, viz. : "The court finds
that June 30, 1900, when judgment by confession was en-
tered on the note in suit, the said note was wholly due
and unpaid; that the principal sum due by the terms of
said note, to-wit, $5438, did not include, nor did said note
include, any usurious or illegal interest; that the makers
of said note were not, nor are they or either of them, en-
titled to any credits on account of said note, and that
the said judgment entered, to-wit, June 30, 1900, for the
sum of, to-wit, $6775.44, was warranted by the terms of
said note and the warrant of attorney thereto annexed."
The further appeal prosecuted by appellant has brought
the record into this court.

The errors assigned do not question that the facts
recited in the judgment of the Appellate Court are suffi-
cient to uphold the judgment entered in that court, but

appellant contends that the finding of facts by the Appellate Court is not supported by the evidence produced on the trial in the superior court and preserved in the bill of exceptions found in the record. The appellant is in error in the position that the record brings before us for review the sufficiency of the evidence to support the finding of facts made by the Appellate Court. The suit was an action at law in assumpsit, and under our judicial system, in actions at law but one court is provided to which appeals from judgments entered in the circuit or superior court can be taken for the purpose of obtaining the review of questions of fact. The right of appeal is purely statutory, and, as we have frequently decided, the Supreme Court is concluded as to controverted questions of fact, in actions at law, by the judgment of the Appellate Court. Courts of law have jurisdiction to entertain and determine motions to vacate judgments entered by confession. In considering and deciding such motions equitable jurisdiction is exercised and equitable principles are applied. A motion of this kind will be granted if equitable reasons are made to appear for so doing. It is competent for the court, on the hearing of such a motion, if the showing be doubtful, to decline to vacate the judgment but to open up the judgment and allow the defendant to plead to the declaration, and thus preserve the lien of the judgment originally entered for the security of the plaintiff in the action. The issues raised by pleas filed under an order so opening a judgment are issues in the original action at law, and the jurisdiction exercised by the court in the disposition of such issues, and the entering of judgment thereon, is legal and not equitable, and legal, not equitable, principles of law are to be applied in the decision of such issues. The proceeding is not converted into a suit in chancery by the motion to vacate or open up the judgment merely because in deciding that motion the court acts upon equitable principles. The proceeding is the original action at law.

When the judgment is opened up and pleas filed the issues are such as are formed by the declaration and the pleas, and are triable before a jury, unless the jury is waived, as issues at law. On an appeal to the Appellate Court from a judgment entered on a trial of such issues the action is at law. The Appellate Court is the final arbiter of all controverted questions of fact. In such case, if the Appellate Court shall reverse the judgment of the trial court and refuse to remand the cause and recite a finding of facts in the judgment of reversal, as was done in the case at bar, an appeal prosecuted to this court does not present for review the question whether the finding of facts so recited in the judgment is supported by or is against the evidence produced upon the hearing in the trial court, but only whether the facts recited by the Appellate Court, as a matter of law, justify the judgment entered by the Appellate Court thereon. It is not contended in the case at bar that the Appellate Court did not correctly apply the rules of law to the facts recited in its judgment, nor is it urged any other error of law intervened.

No error in the record being disclosed, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*